UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **Houdini Corporation** | Case No. 1:17-cv-6 |
| PLAINTIFF, | Judge _____ |
| vs. | **COMPLAINT FOR TRADEMARK INFRINGEMENT** |
| **Whodini's Great Adventures, LLC** | **JURY TRIAL DEMANDED** |
| DEFENDANT. | |

## COMPLAINT

For its Complaint against Whodini's Great Adventures, LLC, Plaintiff Houdini Corporation ("Houdini Corp") states as follows:

## NATURE OF THE ACTION

1. This is a civil action for trademark infringement and unfair competition under federal, state, and common law. Houdini Corp brings this action because Whodini's Great Adventures, LLC ("Defendant") is unlawfully doing business under a confusingly similar name and is selling entertainment services in the nature of an "escape room" under a confusingly similar trademark in violation of Houdini Corp's rights. Houdini Corp seeks to enjoin Defendant's acts, to recover damages and Defendant's profits, and to secure other relief, including attorneys' fees and costs.

## THE PARTIES

2. Plaintiff Houdini Corp is an Ohio corporation having a principal place of business at 9309 Montgomery Road, Cincinnati, OH 45242.

3. Upon information and belief, Defendant Whodini's Great Adventures, LLC is an Ohio limited liability company having a principal place of business at 134 E. Adams, Sandusky, Ohio, 44870.

## JURISDICTION AND VENUE

4. This action arises under the federal Lanham Act, 15 U.S.C. §§ 1051, et seq., the Ohio Deceptive Trade Practices Act, O.R.C. §§ 4165.01 et seq., and under the common law of the State of Ohio.

5. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), 1338(b). Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Houdini Corp's state-law claims because those claims are so related to Houdini Corp's federal Lanham Act claims that they form part of the same case or controversy.

6. This Court has personal jurisdiction over Defendant. Defendant is an Ohio limited liability company with its principal place of business located in Ohio, and has designated an agent to receive service of process in Ohio. Venue is proper in the Western Division of the Southern District of Ohio for multiple reasons. Pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(c)(2) and 1391(d) venue is proper because Defendant resides in this District. More specifically, Defendant is an entity that is subject to this Court's personal jurisdiction with respect to this action, (*see* 28 U.S.C. § 1391(c)(2)), and it has sufficient contacts with this district (*see* 28 U.S.C. § 1391(d). In addition, pursuant to 28 U.S.C. § 1391(b)(2), venue is proper because a

substantial part of the events giving rise to Houdini Corp's claims occurred in this District. Specifically, among other things, Defendant's marketing and advertising reach into this District; its confusion of consumers caused some of them to mistakenly make reservations in this District and thereby cause harm to Houdini Corp; the harm to Houdini Corp's trademark rights and goodwill takes place in this District; Defendant operates an interactive website that establishes additional contact with residents of this District; Houdini Corp's trademark rights originally arose from doing business in this District; and Houdini Corp's application for trademark registration originated from this District.

## GENERAL ALLEGATIONS

7. Houdini Corp is the local face of the growing "escape room" phenomenon sweeping the United States. According to Wikipedia, an "escape room" is a physical adventure game in which players are locked in a room and have to use elements of the room to solve a series of puzzles and escape within a set time limit. Games are set in a variety of fictional locations, such as prison cells, dungeons, and space stations, and are popular as team building exercises.

8. Since at least as early as 10 July 2015, and prior to Defendant's use, Houdini Corp has used the trademark, HOUDINI'S ROOM ESCAPE, along with the logo shown below, in interstate commerce in connection with entertainment services in the nature of providing "escape room" venues.



3

9. In order to protect the substantial goodwill in its HOUDINI'S ROOM ESCAPE mark, Houdini Corp owns a federal registration for HOUDINI'S ROOM ESCAPE & design, Registration No. 4883181, for use in connection with *"entertainment services, namely, providing venues offering escape rooms consisting of puzzles, riddles, brainteasers, and clues."* A copy of the registration certificate and status printout for this registration taken from the U.S. Patent and Trademark Office's Trademark Status Document Retrieval is attached hereto as Exhibit A.

10. The existence of this valid and subsisting federal trademark registration constitutes prima facie evidence of the ownership and validity of Houdini Corp's HOUDINI'S ROOM ESCAPE & design trademark.

11. Houdini Corp has used its HOUDINI'S ROOM ESCAPE and HOUDINI'S ROOM ESCAPE & design trademarks continuously and without interruption since at least as early as July of 2015. To its knowledge, Houdini Corp's use of its HOUDINI'S ROOM ESCAPE and HOUDINI'S ROOM ESCAPE & design trademarks has been exclusive during this time in relation to the services set forth and described above, and no other entity has the right to use a mark similar to either HOUDINI'S ROOM ESCAPE or HOUDINI'S ROOM ESCAPE & design in connection with the services set forth and described above or related services.

12. Furthermore, to its knowledge, Houdini Corp was the first entity in the United States to use the term HOUDINI, or any word similar thereto, as a stand-alone term or in connection with other literal elements and/or design components, in connection with "escape room" entertainment venues, and it therefore owns senior rights in the term in connection with such services.

13. Through its continuous use of the HOUDINI'S ROOM ESCAPE and HOUDINI'S ROOM ESCAPE & design trademarks over the last year and a half, Houdini Corp

has built up substantial goodwill in its HOUDINI'S ROOM ESCAPE trademarks, and the relevant consumers have come to recognize Houdini Corp as the source of high-quality escape room entertainment venues in, at minimum, the State of Ohio.

14. Houdini Corp has advertised its services throughout the State of Ohio and the Tri-State area, including without limitation via its website located at <*houdinisroomescape.com*> and through promotional advertising via the Groupon platform. Houdini Corp has received unsolicited media coverage for its HOUDINI'S ROOM ESCAPE from, without limitation, *The Cincinnati Enquirer* and *The Cincinnati Business Courier*.

15. Since its July 2015 opening at its Montgomery Road location, Houdini Corp has drawn consumers from throughout the State of Ohio and the Tri-State area to its escape room facility.

16. Upon information and belief, Defendant is in the business of providing identical entertainment services in the nature of an "escape room." Defendant's "escape room" is located in the historical "Hubbard House" in Sandusky, Ohio.

17. Upon information and belief, Defendant was formed on 22 February 2016 and did not offer "escape room" services of any kind, under any name, prior to that date.

18. Upon information and belief, Defendant uses the trademark WHODINI'S GREAT ADVENTURES in connection with its business described above. Specifically, and without limitation, Defendant uses the following logo in connection with its business ("Infringing Logo"):

5



19. Much like Houdini Corp's logo, Defendant's logo prominently emphasizes the word WHODINI, which is the phonetic equivalent of Houdini Corp's HOUDINI term.

20. Upon information and belief, Defendant advertises its services, at minimum, online at the domain <*whodinisgreatadventures.com*>.

21. Since October of 2016, Houdini Corp has encountered at least two instances of actual confusion arising out of Defendant's use of its WHODINI'S GREAT ADVENTURES mark. In both instances, consumers have booked reservations at Houdini Corp's escape room facility under the mistaken belief that they were actually booking reservations at Defendant's Sandusky, Ohio location. In both instances, the consumers cancelled their reservations just prior to when they were supposed to arrive. Due to the fact that the "escape room" experience is a group experience, operators such as Houdini Corp require reservations in advance in order to ensure that the room is "filled" for each available time slot. A late cancellation prevents Houdini Corp from properly filling the room, and as a result, the participating guests at the cancelled time slot have a less than optimal experience.

22. On 25 October 2016, Houdini Corp sent a letter to Defendant demanding that it cease and desist all further use of the WHODINI'S GREAT ADVENTURES trademark and logo in connection with Defendant's business.

23. Having received no response, Houdini Corp re-issued its letter on 10 November 2016. To date, Defendant has failed to respond to Houdini Corp's demands.

24. As of the date of this Complaint, Defendant continues to use its WHODINI'S GREAT ADVENTURES name and logo in connection with "escape room" services.

25. Defendant's WHODINI'S GREAT ADVENTURES trademark is confusingly similar to Houdini Corp's HOUDINI'S ROOM ESCAPE trademark.

26. Houdini Corp and Defendant use their respective marks in connection with similar and/or related services, in the same channels of trade, and offer their services to the same categories of consumers.

27. By using a trademark which is confusingly similar to Houdini Corp's HOUDINI'S ROOM ESCAPE mark, Defendant is misrepresenting and falsely describing to the general public the origin and source of their "escape room" services offered under the infringing WHODINI'S GREAT ADVENTURES trademark in the United States and creating a likelihood of confusion by purchasers as to the source and sponsorship of such services.

28. As a result, Defendant's use of its WHODINI'S GREAT ADVENTURES trademark is likely to cause confusion, mistake, and deception as to the source or origin of Defendant's services on the one hand, and Houdini Corp's services on the other, and is likely to falsely suggest a sponsorship, connection, affiliation, or association between Defendant and/or its services on the one hand, and Houdini Corp on the other, thereby injuring Houdini Corp and the public.

29. Defendant's activities described above have directly and proximately caused, and unless enjoined will continue to cause, irreparable harm both to Houdini Corp and consumers, both of whom have an interest in being free from confusion, mistake, and deception.

30. As a direct and proximate result of the foregoing acts of Defendant, Houdini Corp has suffered and will continue to suffer monetary damages in an amount that will be established at trial.

31. Houdini Corp has no adequate remedy at law.

## COUNT ONE

### Federal Trademark Infringement Under Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)

32. Houdini Corp repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 31 of this Complaint.

33. Defendant's use of the WHODINI'S GREAT ADVENTURES mark in connection with the sale, offering for sale, distribution and advertising of its "escape room" services, is likely to cause confusion, or to cause mistake, or to deceive in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1).

34. Upon information and belief, Defendant acted consciously and in willful disregard of Houdini Corp's rights, and the resulting damage to Houdini Corp is such as to warrant the trebling of damages in order to provide just compensation.

## COUNT TWO

### Federal Trademark Infringement, False Designation of Origin, Passing Off, and Unfair Competition under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

35. Houdini Corp repeats and realleges each and every allegation set forth in Paragraphs 1 through 34 of this Complaint.

36. Defendant's use in commerce of marks, words, terms, names, and false designations of origin (WHODINI'S GREAT ADVENTURES) and a domain name (<*whodinisgreatadventures.com*>), in connection with its commercial activities, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Houdini Corp or as to the origin, sponsorship, or approval of Defendant, its "escape room" services, and its commercial activities, by or with Houdini Corp, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125 (a)(1)(A).

## COUNT THREE

### Violation of the Ohio Deceptive Trade Practices Act, O.R.C. § 4165.01 et seq.

37. Houdini Corp repeats and realleges each and every allegation set forth in Paragraphs 1 through 36 of this Complaint.

38. Defendant's use of the WHODINI'S GREAT ADVENTURES trademark on or in connection with its "escape room" services is likely to cause confusion or misunderstanding as to the source, sponsorship, or approval of their goods, is likely to cause confusion or misunderstanding as to the affiliation, connection, or association with Houdini Corp, and constitutes a representation that Defendant's services have sponsorship, approval, or characteristics which they do not have, all in violation of O.R.C. § 4165.01 et seq.

## COUNT FOUR

### Common Law Trademark Infringement and Unfair Competition

39. Houdini Corp repeats and realleges each and every allegation set forth in Paragraphs 1 through 38 of this Complaint.

40. Defendant's activities described above constitute common law trademark infringement and misappropriation of the goodwill associated with Houdini Corp's HOUDINI'S

9

ROOM ESCAPE trademark and constitutes unfair competition in violation of Ohio common law.

**REQUEST FOR RELIEF**

Wherefore, Houdini Corp respectfully requests that this Court enter judgment in its favor on each and every count set forth above and award it relief including, but not limited to, the following:

a. An Order holding that Defendant's actions described above infringe Houdini Corp's HOUDINI'S ROOM ESCAPE and HOUDINI'S ROOM ESCAPE & design trademarks, and that Defendant's actions constitute trademark infringement, false designation of origin, passing off, unfair competition, and a deceptive trade practice under federal, state, and common law as detailed above;

b. An Order preliminarily and permanently enjoining Defendant, its employees, agents, officers, directors, shareholders, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

    1) From using WHODINI'S GREAT ADVENTURES or any other trademarks, trade names, logos, and other names or identifiers that are the same as or confusingly similar to the HOUDINI'S ROOM ESCAPE and HOUDINI'S ROOM ESCAPE & design, in any manner or form, in connection with any goods or services;

    2) From representing or suggesting, by any means whatsoever, directly or indirectly, that Defendant, any goods or services offered by Defendant, or any activities undertaken by Defendant, are sponsored or approved by, or are associated, affiliated, or connected with Houdini Corp in any way.

c. An Order requiring Defendant to deliver up for destruction all advertisements, promotional materials, labels, signs, pictures, letterhead, plaques, and any other materials containing infringing marks and/or false claims in their possession, custody, or control, or in the possession, custody, or control of any of their agents or representatives;

d. An Order requiring Defendant to disable the website located at *<whodinisgreatadventures.com>* and requiring Defendant to transfer the *<whodinisgreatadventures.com>* domain to Houdini Corp;

e. An Order directing Defendant to file with this Court and serve on Houdini Corp's attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the Court's injunctions;

f. An Order requiring Defendant to account for and pay to Houdini Corp any and all profits arising from or related to Defendant's unlawful acts and that such profits be increased in accordance with 15 U.S.C § 1117 and other applicable laws;

g. An Order requiring Defendant to pay Houdini Corp the full amount of damages caused by Defendant's unlawful acts, and that such damages be trebled in accordance with 15 U.S.C. § 1117 and other applicable laws;

h. An Order requiring Defendant to pay Houdini Corp its costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws; and

i. Any other relief as the Court may deem appropriate.

## JURY DEMAND

Houdini Corporation hereby demands a jury trial on all of its claims.

Respectfully submitted,

 /s/ *Thomas F. Hankinson*
Thomas F. Hankinson (0088367)
J. Michael Hurst (0070828)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Tel: (513) 579-6400
Fax: (513) 579-6457
thankinson@kmklaw.com
mhurst@kmklaw.com

*Attorneys for Houdini Corporation*

Dated:  3 January 2017

# Exhibit A

# United States of America
## United States Patent and Trademark Office



| | |
|---|---|
| **Reg. No. 4,883,181** | HOUDINI CORPORATION (OHIO CORPORATION) <br> 9309 MONTGOMERY ROAD |
| **Registered Jan. 5, 2016** | CINCINNATI, OH 45242 |
| **Int. Cl.: 41** | FOR: ENTERTAINMENT SERVICES, NAMELY, PROVIDING VENUES OFFERING ESCAPE ROOMS CONSISTING OF PUZZLES, RIDDLES, BRAINTEASERS, AND CLUES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107). |
| **SERVICE MARK** | |
| **PRINCIPAL REGISTER** | FIRST USE 7-10-2015; IN COMMERCE 7-10-2015. |

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ROOM ESCAPE", APART FROM THE MARK AS SHOWN.

THE NAME(S), PORTRAIT(S), AND/OR SIGNATURE(S) SHOWN IN THE MARK DOES NOT IDENTIFY A PARTICULAR LIVING INDIVIDUAL.

THE MARK CONSISTS OF THE STYLIZED WORD "HOUDINI'S" WHERE THE LETTER "O" IS REPRESENTED AS A KEYHOLE WITH THE WORDING "ROOM ESCAPE" IN SMALLER LETTERS BELOW "HOUDINI'S".

SN 86-593,546, FILED 4-10-2015.

CAITLIN WATTS-FITZGERALD, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

> **REQUIREMENTS TO MAINTAIN YOUR FEDERAL
> TRADEMARK REGISTRATION**
>
> **WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
> DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.
>
> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:** Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.

**NOTE:** A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at http://www.uspto.gov.

The Trademark organization is beta testing a next generation examination system. As a result, there may be instances where Office actions have unexpected formatting or spacing issues. The Office is working on improvements to resolve these issues and appreciates your patience. Please contact us at **TMFeedback** if you have comments or issues with the appearance of a particular Office action or its attachments.

**STATUS**  **DOCUMENTS**                                                                                   **Back to Search**          Print

| | |
|---|---|
| Generated on: | This page was generated by TSDR on 2016-12-29 11:49:38 EST |
| Mark: | HOUDINI'S ROOM ESCAPE |

(HOUDINI'S ROOM ESCAPE logo)

| | | | |
|---|---|---|---|
| US Serial Number: | 86593546 | Application Filing Date: | Apr. 10, 2015 |
| US Registration Number: | 4883181 | Registration Date: | Jan. 05, 2016 |
| Filed as TEAS RF: | Yes | Currently TEAS RF: | Yes |
| Register: | Principal | | |
| Mark Type: | Service Mark | | |
| TM5 Common Status Descriptor: |  | LIVE/REGISTRATION/Issued and Active  The trademark application has been registered with the Office. | |
| Status: | Registered. The registration date is used to determine when post-registration maintenance documents are due. | | |
| Status Date: | Jan. 05, 2016 | | |
| Publication Date: | Sep. 08, 2015 | Notice of Allowance Date: | Nov. 03, 2015 |

## Mark Information

| | |
|---|---|
| Mark Literal Elements: | HOUDINI'S ROOM ESCAPE |
| Standard Character Claim: | No |
| Mark Drawing Type: | 3 - AN ILLUSTRATION DRAWING WHICH INCLUDES WORD(S)/ LETTER(S)/NUMBER(S) |
| Description of Mark: | The mark consists of the stylized word "HOUDINI'S" where the letter "O" is represented as a keyhole with the wording "ROOM ESCAPE" in smaller letters below "HOUDINI'S". |
| Color(s) Claimed: | Color is not claimed as a feature of the mark. |
| Disclaimer: | "ROOM ESCAPE" |
| Design Search Code(s): | 14.11.08 - Locks; Locks and key holes; padlocks; combination locks; Locks, combination; Padlocks  27.03.05 - Objects forming letters or numerals |
| Name Portrait Consent: | The name(s), portrait(s), and/or signature(s) shown in the mark does not identify a particular living individual. |

## Goods and Services

Note:
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| For: | Entertainment services, namely, providing venues offering escape rooms consisting of puzzles, riddles, brainteasers, and clues | | |
| International Class(es): | 041 - Primary Class | U.S Class(es): | 100, 101, 107 |
| Class Status: | ACTIVE | | |
| Basis: | 1(a) | | |
| First Use: | Jul. 10, 2015 | Use in Commerce: | Jul. 10, 2015 |

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| Filed Use: | No | Currently Use: | Yes | Amended Use: | No |
| Filed ITU: | Yes | Currently ITU: | No | Amended ITU: | No |
| Filed 44D: | No | Currently 44D: | No | Amended 44D: | No |
| Filed 44E: | No | Currently 44E: | No | Amended 44E: | No |
| Filed 66A: | No | Currently 66A: | No | | |
| Filed No Basis: | No | Currently No Basis: | No | | |

## Current Owner(s) Information

Case: 1:17-cv-00006-TSB Doc #: 1 Filed: 01/03/17 Page: 17 of 18 PAGEID #: 17

| | |
|---|---|
| **Owner Name:** | Houdini Corporation |
| **Owner Address:** | 9309 Montgomery Road<br>Cincinnati, OHIO UNITED STATES 45242 |
| **Legal Entity Type:** | CORPORATION |
| **State or Country Where Organized:** | OHIO |

## Attorney/Correspondence Information

**Attorney of Record**

| | |
|---|---|
| **Attorney Name:** | J. Michael Hurst |
| **Docket Number:** | KE5415REA001 |
| **Attorney Primary Email Address:** | mhurst@kmklaw.com |
| **Attorney Email Authorized:** | Yes |

**Correspondent**

| | |
|---|---|
| **Correspondent Name/Address:** | J. MICHAEL HURST<br>Keating Muething Klekamp Pll<br>1 E 4th St Ste 1400<br>Cincinnati, OHIO UNITED STATES 45202-3752 |
| **Phone:** | 5135621401 |
| **Fax:** | 5135796457 |
| **Correspondent e-mail:** | mhurst@kmklaw.com |
| **Correspondent e-mail Authorized:** | Yes |

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Jan. 05, 2016 | REGISTERED-PRINCIPAL REGISTER | |
| Dec. 03, 2015 | NOTICE OF ACCEPTANCE OF STATEMENT OF USE E-MAILED | |
| Dec. 02, 2015 | ALLOWED PRINCIPAL REGISTER - SOU ACCEPTED | |
| Nov. 19, 2015 | STATEMENT OF USE PROCESSING COMPLETE | 71034 |
| Nov. 04, 2015 | USE AMENDMENT FILED | 71034 |
| Nov. 18, 2015 | CASE ASSIGNED TO INTENT TO USE PARALEGAL | 71034 |
| Nov. 04, 2015 | TEAS STATEMENT OF USE RECEIVED | |
| Nov. 03, 2015 | NOA E-MAILED - SOU REQUIRED FROM APPLICANT | |
| Sep. 08, 2015 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Sep. 08, 2015 | PUBLISHED FOR OPPOSITION | |
| Aug. 19, 2015 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| Aug. 05, 2015 | LAW OFFICE PUBLICATION REVIEW COMPLETED | 70997 |
| Aug. 05, 2015 | ASSIGNED TO LIE | 70997 |
| Jul. 23, 2015 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Jul. 23, 2015 | EXAMINER'S AMENDMENT ENTERED | 88888 |
| Jul. 23, 2015 | NOTIFICATION OF EXAMINERS AMENDMENT E-MAILED | 6328 |
| Jul. 23, 2015 | EXAMINERS AMENDMENT E-MAILED | 6328 |
| Jul. 23, 2015 | EXAMINERS AMENDMENT -WRITTEN | 89010 |
| Jul. 20, 2015 | ASSIGNED TO EXAMINER | 89010 |
| Apr. 21, 2015 | NOTICE OF DESIGN SEARCH CODE E-MAILED | |
| Apr. 20, 2015 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Apr. 14, 2015 | NEW APPLICATION ENTERED IN TRAM | |

## TM Staff and Location Information

**TM Staff Information - None**

**File Location**

| | |
|---|---|
| **Current Location:** | PUBLICATION AND ISSUE SECTION |
| **Date in Location:** | Dec. 02, 2015 |

## Assignment Abstract Of Title Information - Click to Load

## Proceedings - Click to Load

Case: 1:17-cv-00006-TSB Doc #: 1 Filed: 01/03/17 Page: 18 of 18  PAGEID #: 18